UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAMON MADURO, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:20-CV-2266-JPB |

## ORDER

This matter comes before the Court on the United States' Motion for Summary Judgment and to Convert Preliminary Injunction to Permanent Injunction [Doc. 49]. This Court finds as follows:

## PROCEDURAL HISTORY

On May 27, 2020, the United States filed this action against Ramon Maduro ("Maduro") and Blanca Dalila Elvir Alvarenga ("Elvir"), both individually and doing business as Maduro Tax Services Corporation and Maduro Global Services Firm, Inc., (collectively, "Defendants"), for fraudulent tax preparation.[1] [Doc. 1]. The United States filed a Motion for Preliminary Injunction on March 31, 2021,

---

[1] Pursuant to 26 U.S.C. §§ 7407 and 7408, the Chief Counsel of the Internal Revenue Service ("IRS"), as a delegate of the Secretary of the Treasury, authorized and requested this action, and the Attorney General directed that it be commenced.

seeking to enjoin Defendants under 26 U.S.C. §§ 7407, 7408 and 7402. [Doc. 41]. The Court granted that motion and entered a preliminary injunction on May 11, 2021. [Doc. 44]. On August 30, 2021, the United States filed a Motion for Summary Judgment and Motion to Convert Preliminary Injunction to Permanent Injunction.[2] [Doc. 49].

## ANALYSIS

**A.     Legal Standard**

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is

---

[2] Defendants, who are proceeding pro se, did not file any responsive documents to the instant Motion.

so one-sided that one party must prevail as a matter of law.'" Allen, 121 F.3d at 646 (quoting Anderson, 477 U.S. at 251).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id.  After the movant satisfies this initial burden, the nonmovant must show specific facts indicating that summary judgment is improper because a material issue of fact does exist.[3] Id.  However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting Anderson, 477 U.S. at 251).  If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)).  Finally, "[e]ven when a summary

---

[3] Pleadings by a pro se party are construed liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

judgment motion is entirely unopposed, the district court still must consider the merits of the motion." Phila. Indem. Ins. Co. v. Manitou Constr., Inc., 115 F. Supp. 3d 1378, 1383 (N.D. Ga. 2015).

In the absence of a triable issue of fact, a party may rely on a motion for summary judgment to convert a preliminary injunction into a permanent injunction. Hoffer v. Inch, 382 F. Supp. 3d 1288, 1295 (N.D. Fla. 2019), rev'd in part and vacated in part on other grounds, Hoffer v. Sec'y, Fla. Dep't of Corrs., 973 F.3d 1263, 1279 (11th Cir. 2020). When issuing a permanent injunction, the Court "must 'recast' its findings of fact and conclusions of law in terms of the permanent injunction standard, which is essentially the same as the standard for a preliminary injunction." United States v. Prater, No. 8:02-CV-2052-T-23, 2005 WL 2715401, at *5 (M.D. Fla. Sept. 23, 2005) (quoting Ciba-Geigy Corp. v. Bolar Pharm. Co., 747 F.2d 844, 847 (3d Cir. 1984)). Rather than the "likely success" needed for a preliminary injunction, the party seeking a permanent injunction must show actual success on the merits. Id.

**B.  Findings of Fact**

The Court derives the facts of this case from the United States' Statement of Facts. [Doc. 49-1]. The Court also conducted its own review of the record. The Local Rules of this Court require a respondent to a summary judgment motion to

include with its responsive brief "[a] response to the movant's statement of undisputed facts." LR 56.1(B)(2)(a), NDGa.  The Local Rules make clear that the Court will deem each of the movant's facts admitted unless the respondent refutes or objects to the fact or shows that the fact is either immaterial or unsupported by the record.  Further, in accordance with the Local Rules, this Court will not consider unsupported facts.  The Court will, however, use its discretion to consider all facts the Court deems material after reviewing the record.  For the purpose of adjudicating the instant Motion, the Court makes the following findings of fact:

Defendants prepare tax returns for customers in Lawrenceville, Georgia, and the surrounding area.  Defendants use a variety of schemes designed to improperly reduce their customers' tax liabilities and inflate their customers' refunds, resulting in hundreds of thousands of dollars of tax loss since 2017 alone.  Such schemes include (1) misidentifying the tax return preparer; (2) manipulating head of household filing status selections; (3) claiming ineligible dependents on tax returns to manipulate filing statuses, generate false Child Tax Credits ("CTC") and Additional Child Tax Credits ("ACTC") and produce artificially inflated Earned Income Tax Credits ("EITC"); (4) including false information on Schedule C of Form 1040; (5) manipulating income to generate false or inflated credits; and (6) misrepresenting their due diligence efforts.

Since January 1, 2018, Defendants have prepared at least 1,229 federal tax returns. Each tax return was signed by Maduro as the preparer and was filed using Maduro's Preparer Tax Identification Number ("PTIN"). Some customers, however, identified Elvir, not Maduro, as the preparer of their returns. On numerous occasions, Defendants prepared and filed tax returns on behalf of customers in which Defendants:

 (1) failed to verify the support requirement for selecting the head of household filing status, thereby falsely reporting the customers' filing statuses;
 (2) advised customers to claim ineligible dependents to manipulate their filing statuses;
 (3) used ineligible family members to generate false claims of CTC/ACTC for their customers;
 (4) used ineligible dependents and incorrect filing statuses to generate artificially inflated EITC claims;
 (5) included false information on Schedule C of Form 1040, such as false vehicle, cellphone, equipment, meal, medical, maintenance and legal expenses;
 (6) manipulated income listed on their customers' returns to generate false or inflated credits; and
 (7) misrepresented their due diligence efforts in Form 8867, i.e., the Paid Preparer's Due Diligence Check List.

As a result of Defendants' actions, their customers failed to file proper federal income tax returns and falsely claimed tax refunds to which they were not entitled. Finally, Defendants continued to prepare returns during the 2021 filing season.

**C.     Conclusions of Law**

After reviewing the record, the Court concludes that no genuine dispute of material fact exists to preclude summary judgment. The United States supported its claims through deposition testimony, sworn declarations and interviews conducted with Defendants' customers, along with the customers' corresponding tax returns. Defendants filed an answer to the United States' Complaint in which they summarily denied the majority of the allegations. See [Doc. 24]. However, "[a] party opposing summary judgment may not rest upon the mere allegations or denials in its pleadings." Walker, 911 F.2d at 1576. Additionally, Defendants did not file responsive documents to the instant Motion. As the non-moving party, though, Defendants "must set forth specific facts showing that there is a genuine issue for trial." Id. at 1577. Defendants have not done so. Because no "jury could reasonably find for [Defendants]" based on the record in this case, the United States has met its burden on summary judgment. Id. Accordingly, the Motion for Summary Judgment is **GRANTED**.

Below, the Court considers whether the United States made the requisite showing for permanent injunctive relief under §§ 7407, 7408 and 7402.[4]

---

[4] The Court's May 11, 2021 order granting a preliminary injunction sets forth the legal standards for injunctive relief under each of these sections; that portion of the order is incorporated here by reference. See [Doc. 44, pp. 1–2].

1.   *Section 7407*

Under § 7407, the United States may seek an injunction against a tax return preparer who has "engaged in any conduct subject to penalty under [§§] 6694 or 6695" or who has "engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the [i]nternal [r]evenue laws." 26 U.S.C. § 7407(b).  Section 6694(a) prohibits tax return preparers from understating a taxpayer's liability due to an unreasonable position, and § 6694(b) prohibits tax return preparers from engaging in such conduct recklessly or willfully.  Section 6695 penalizes tax return preparers for failing to, among other actions, sign a tax return, furnish the preparer's PTIN and exercise due diligence in determining a taxpayer's eligibility for certain benefits.  Additionally,

> [i]f the court finds that a tax return preparer has continually or repeatedly engaged in any conduct described [above] and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as a tax return preparer.

Id. § 7407.  In this case, Defendants repeatedly engaged in conduct prohibited by these statutory provisions.  Defendants willfully understated the tax liability of their customers, failed to correctly identify tax returns with the preparer's PTIN and did not exercise due diligence in ascertaining their customers' eligibility for claimed tax benefits.  Furthermore, Defendants continued to engage in this conduct

8

as recently as the 2021 filing season. Filing false and fraudulent tax returns substantially interferes with the proper administration of the internal revenue laws by impeding the IRS' ability to correctly determine taxpayers' liabilities and refunds. Based on these facts, a permanent injunction barring Defendants from acting as tax return preparers is necessary and appropriate to prevent continued interference with the proper administration of the tax laws.

    2.    *Section 7408*

Under 26 U.S.C. § 7408, the United States may seek an injunction against a tax return preparer who engages in conduct subject to penalty under § 6701 and where injunctive relief is appropriate to prevent the recurrence of such conduct. Section 6701 imposes a penalty on any person

    (1)    who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document,
    (2)    who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and
    (3)    who knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

Id. § 6701(a). The record shows that Defendants prepared and aided or assisted in the preparation of tax returns and other documents that understated the tax liability of their customers. Defendants thus engaged in conduct penalized by § 6701. Furthermore, the IRS penalized Defendants for wrongful conduct between 2009

and 2011, interviewed Defendants about their tax preparation activities in 2015 and filed this action in 2020. In spite of this, Defendants continued to prepare fraudulent tax returns and did so as recently as February 2021. See [Doc. 41-3, p. 14]. Consequently, an injunction under § 7408 is necessary to prevent the recurrence of Defendants' conduct.

3. *Section 7402*

Under § 7402, district courts have broad authority to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). When seeking an injunction under § 7402, "the United States must meet the traditional equitable standard for an injunction." Prater, 2005 WL 2715401, at *5; see also United States v. Ernst & Whinney, 735 F.2d 1296, 1301 (11th Cir. 1984) ("[T]he decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy."). Therefore, to justify an injunction under § 7402, the United States must make a showing as to the following factors:

> (1) the likelihood of continuing irreparable injury to the United States, (2) the harm to the United States without the injunction outweighs any harm to the defendant if a permanent injunction is entered, (3) success on the merits of the case, and (4) the public interest favors entry of a permanent injunction.

Prater, 2005 WL 2715401, at *5.

Here, the United States established that Defendants file false tax returns on behalf of their customers, which substantially interferes with the enforcement of the internal revenue laws. Defendants engaged in this conduct on a continued and repeated basis, and the United States is highly likely to face irreparable injury as a result of this ongoing practice. Defendants will suffer little harm by being enjoined from engaging in unlawful conduct, while the United States will suffer considerable harm from the continued receipt of fraudulent tax returns and the loss of proper tax revenue. As noted above, the United States succeeded on the merits of the case. Finally, a permanent injunction serves the public interest because Defendants' conduct has and will continue to result in irreparable injury unless they are enjoined. The United States is therefore entitled to an injunction under § 7402.

**D.     Permanent Injunction**

Based on the findings of fact and conclusions of law set forth above, the United States' Motion to Convert Preliminary Injunction to Permanent Injunction is **GRANTED**. The Court hereby enters a permanent injunction against Maduro and Elvir, individually and doing business as Maduro Tax Services Corporation and Maduro Global Services Firm, Inc., as follows:

Pursuant to §§ 7402 and 7407, Defendants are permanently enjoined from acting as federal tax return preparers and from preparing or filing federal tax returns or other tax forms for others, representing others before the IRS, identifying themselves as a third-party designee on any federal tax returns for others and advising anyone concerning federal tax matters.

Pursuant to §§ 7402 and 7407, Defendants and their representatives, agents, servants, employees, attorneys, independent contractors and anyone in active concert or participation with them are permanently enjoined from directly or indirectly:

(1) preparing, filing, assisting in or directing the preparation or filing of any federal tax return or amended return or other related documents or forms for any other person or entity;
(2) engaging in activity subject to penalty under §§ 6694 or 6695;
(3) engaging in any other activity subject to penalty under the Internal Revenue Code; and
(4) engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

Pursuant to §§ 7402 and 7408, Defendants are permanently enjoined from directly or indirectly, through representatives, agents, servants, employees and anyone in active concert or participation with them, engaging in any activity subject to penalty under § 6701.

Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, counsel for the United States is authorized to arrange for personal service of this Order on Defendants.  This Court retains jurisdiction to enforce the Permanent Injunction.

## CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment and to Convert Preliminary Injunction to Permanent Injunction [Doc. 49] is **GRANTED**.  The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 5th day of April, 2022.

_____
J. P. BOULEE
United States District Judge