UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>RAMON MADURO, et al.,<br><br>   Defendants. | CIVIL ACTION NO.<br>1:20-CV-2266-JPB |

## **ORDER**

This matter comes before the Court on the United States' Motion to Alter or Amend Judgment [Doc. 53]. This Court finds as follows:

## **BACKGROUND**

On May 27, 2020, the United States filed this action against Ramon Maduro ("Maduro") and Blanca Dalila Elvir Alvarenga ("Elvir"), both individually and doing business as Maduro Tax Services Corporation and Maduro Global Services Firm, Inc., (collectively, "Defendants"), for fraudulent tax preparation.[1] [Doc. 1]. The United States filed a Motion for Preliminary Injunction on March 31, 2021, seeking to enjoin Defendants under 26 U.S.C. §§ 7407, 7408 and 7402. [Doc. 41].

---

[1] Pursuant to 26 U.S.C. §§ 7407 and 7408, the Chief Counsel of the Internal Revenue Service ("IRS"), as a delegate of the Secretary of the Treasury, authorized and requested this action, and the Attorney General directed that it be commenced.

The Court granted that motion and entered a preliminary injunction on May 11, 2021. [Doc. 44]. On August 30, 2021, the United States filed a Motion for Summary Judgment and Motion to Convert Preliminary Injunction to Permanent Injunction. [Doc. 49]. In the motion, the United States asked this Court to "convert[] the preliminary injunction into a permanent injunction." Id. at 12. On April 5, 2022, the Court granted the motion and—as requested—converted the preliminary injunction into a permanent injunction, which thus contained the same scope of relief as the preliminary injunction. [Doc. 51, pp. 11–13]. The Clerk of Court entered judgment on April 6, 2022. [Doc. 52].

On April 14, 2022, the United States filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e).[2] [Doc. 53]. In the Motion, the United States contends that the permanent injunction issued in this case "is incomplete as it does not afford the United States the full relief it requested" in the Complaint. Id. at 2.

## ANALYSIS

Under Rule 59(e) of the Federal Rules of Civil Procedure, a litigant may move to alter or amend a judgment within twenty-eight days after judgment is

---

[2] Defendants, who are proceeding *pro se*, did not file any responsive documents to the instant Motion or to the initial motion for summary judgment.

entered.  A motion to alter or amend a judgment under Rule 59(e) may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).  "The grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact." Benoit v. Sec'y, Fla. Dep't of Corrs., No. 21-11014, 2022 WL 2743174, at *3 (11th Cir. July 14, 2022).  Altering or amending a judgment is a decision "committed to the sound discretion of the district judge." Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238–39 (11th Cir. 1985).

The Court will exercise its discretion in the instant case to amend the judgment in the manner requested by the United States.  The Motion does not seek to relitigate old matters, raise new issues or present evidence that could have been proffered earlier in the proceedings.  The Court finds that providing the United States the necessary and full scope of relief is a sufficient basis for altering the April 5, 2022 judgment, and the Court will amend the judgment accordingly.

## CONCLUSION

The United States' Motion to Alter or Amend Judgment [Doc. 53] is **GRANTED**.  The portion of the Court's April 5, 2022 order entering a permanent injunction [Doc. 51] and the Clerk's April 6, 2022 judgment [Doc. 52] are hereby

**VACATED**.  An Amended Permanent Injunction will be entered by separate order.  The Clerk is **DIRECTED** to enter an amended judgment to reflect the terms set forth in the Amended Permanent Injunction.

    **SO ORDERED** this 21st day of November, 2022.

                                               J. P. BOULEE
                                               United States District Judge