UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAMON MADURO, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:20-CV-2266-JPB |

## **AMENDED PERMANENT INJUNCTION**

The Court incorporates herein the findings of fact and conclusions of law set forth in its April 5, 2022 order. [Doc. 51]. The Court enters a permanent injunction against Ramon Maduro ("Maduro") and Blanca Dalila Elvir Alvarenga ("Elvir"), both individually and doing business as Maduro Tax Services Corporation and Maduro Global Services Firm, Inc., (collectively, "Defendants"), as follows:

Pursuant to §§ 7402(A), 7407 and 7408, Defendants are permanently enjoined from acting as federal tax return preparers and from preparing or filing federal tax returns or other tax forms for others, representing others before the IRS, identifying themselves as a third-party designee on any federal tax returns for others and advising anyone concerning federal tax matters.

Furthermore, Defendants and their representatives, agents, servants, employees, attorneys, independent contractors and anyone in active concert or participation with them are permanently enjoined from directly or indirectly:

(1) preparing, filing, assisting in or directing the preparation or filing of any federal tax return or amended return or other related documents or forms for any other person or entity;

(2) preparing or assisting in preparing federal tax returns that they know or reasonably should know would result in an understatement of tax liability or the overstatement of federal tax refunds as penalized by 26 U.S.C. § 6694;

(3) owning, operating, managing, working in, investing in, providing capital or loans to, receiving fees or remuneration from, controlling, licensing, consulting with or franchising a tax return preparation business;

(4) maintaining, assigning, holding, using or obtaining a Preparer Tax Identification Number ("PTIN") or an Electronic Filing Identification Number ("EFIN");

(5) engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695 or 6701;

(6) engaging in any other activity subject to penalty under the Internal Revenue Code; and

(7) engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

The Court hereby authorizes the United States, without further proceeding, to immediately revoke any and all PTINs pursuant to § 6109 and EFINs held by, assigned to or used by Defendants.  Defendants are further ordered to disclose all

such PTINS and EFINs.

      Within thirty days of this judgment, Defendants shall:

(1)     send by certified mail, return receipt requested, a copy of the final injunction entered against Defendants in this action, as well as a copy of the Complaint setting forth the allegations as to how Defendants fraudulently prepared federal tax returns, to each person for whom Defendants prepared federal tax returns or any other federal tax forms after January 1, 2018;

(2)     turn over to the United States copies of all returns and claims for refunds that Defendants prepared after January 1, 2018;

(3)     surrender to the Secretary of the Treasury or his delegate any and all PTINs held by, assigned to or used by Defendants pursuant to § 6109 and the EFINs held by, assigned to or used by Defendants;

(4)     prominently post a copy of the injunction in Defendants' place of business where tax returns were prepared by Defendants;

(5)     deliver a copy of the injunction to Defendants' employees, contractors and vendors;

(6)     file a sworn statement with the Court evidencing Defendants' compliance with the foregoing directives within forty-five days of entry of the final injunction in this action; and

(7)     keep records of Defendants' compliance with the foregoing directives, which may be produced to the Court, if requested, or the United States.

      The United States is permitted to conduct discovery to monitor Defendants' compliance with the terms of this injunction. This Court retains jurisdiction to enforce the Permanent Injunction. Pursuant to Rule 65(d)(2) of the Federal Rules

of Civil Procedure, counsel for the United States is authorized to arrange for personal service of this Order on Defendants.

**SO ORDERED** this 21st day of November, 2022.

J. P. BOULEE
United States District Judge